Defendant-appellant Timothy R. Yoder appeals the October 3, 1997 Judgment Entry of the Tuscarawas County Court of Common Pleas requiring him to register as a sexually oriented offender pursuant to Chapter 2950 of the Ohio Revised Code. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On July 13, 1996, the Tuscarawas County Grand Jury indicted appellant on one count of gross sexual imposition, in violation of R.C. 2907.05(A)(4). On April 30, 1997, appellant plead guilty to the indictment. The trial court ordered a presentence investigation, and scheduled a sentencing hearing and a H.B. 180 hearing for June 30, 1997. The hearings were continued until August 25, 1997.
On July 23, 1997, appellant filed a motion requesting the trial court find R.C. 2950.09(C) unconstitutionally vague. The State responded, and on August 25, 1997, the trial court conducted both hearings. In a Judgment Entry dated August 26, 1997, the trial court sentenced appellant to a two year term of imprisonment and took the sexual predator issues under advisement.
Via a Judgment Entry dated October 3, 1997, the trial court determined appellant to be a person convicted of a sexually oriented offense and ordered appellant to comply with the registration requirements of R.C. Chapter 2950. Further, the trial court found appellant was not a sexual predator.
In a separate Judgment Entry dated October 3, 1997, the trial court addressed appellant's constitutional attack on R.C.2950.09 and found the statute constitutional under both the Ohio Constitution and the United States Constitution. It is from this judgment entry appellant prosecutes this appeal raising the following assignments of error:
 I. APPLICATION OF THE NEWLY ENACTED REPORTING REQUIREMENTS UNDER R.C. 2950 ET SEQ. VIOLATES THE PROHIBITION AGAINST EX POST FACTO LEGISLATION.
 II. THE NEW LEGISLATION CONCERNING SEXUAL PREDATOR STATUS AND HOW THE COURT DETERMINES THE STATUS IS UNCONSTITUTIONALLY VAGUE.
 I II
Appellant's two assignments of error are overruled on the authority of State v. Nosic (Feb. 1, 1999), Stark App. No. 1997CA00248, unreported; and State v. Bair (Feb. 1, 1999), Stark App. No. 1997CA00232, unreported.
The judgment of the Tuscarawas County Court of Common Pleas is affirmed.
By: Hoffman, J., Wise, P.J. and Farmer, J. concur
--------------------
--------------------
 -------------------- JUDGES
For the reason stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Court of Common Pleas is affirmed in part, reversed in part and remanded for further proceedings in accordance with our opinion and the law. Costs assessed to appellee.
--------------------
--------------------
 -------------------- JUDGES